United States Court of Appeals,

Eleventh Circuit.

No. 96-6696.

UNITED STATES of America, Plaintiff-Appellee,

v.

CERTAIN REAL PROPERTY LOCATED AT ROUTE 1, BRYANT, ALABAMA, together with all improvements, fixtures, and appurtenances thereto, et al., Defendants,

Sharon Hamilton, Michael Keith Hamilton, Claimants-Appellants.

UNITED STATES of America, Plaintiff-Appellee,

v.

VEHICLE ONE (1) 1989 CHEVROLET CAPRICE, VIN 1G1●1E4KR176254, Alabama License No. 39APS-25, et al., Defendants,

John Martin Lawman, Claimant-Appellant.

Oct. 30, 1997.

Appeal from the United States District Court for the Northern District of Alabama. (Nos. CV-93-HM-589-NE(EBH), CV-93-HM-1730-NE(EBH), E.B. Hamilton, Jr., Judge.

Before BIRCH and CARNES, Circuit Judges, and GODBOLD, Senior Circuit Judge.

BIRCH, Circuit Judge:

In this civil forfeiture case, the claimants ask us to set aside the district court's order striking their respective claims and entering default judgment as a sanction for discovery violations pursuant to Fed.R.Civ.P. 37(d) ("Rule 37(d)"). For the reasons that follow, we reverse the judgment of the district court and remand for proceedings consistent with this opinion.

I. BACKGROUND

This case has a lengthy and complex procedural history that we summarize briefly solely as it pertains to the claims raised in this appeal: In 1993, the United States government instituted a civil forfeiture proceeding pursuant to 21 U.S.C. § 881(a)(7) against real property belonging to Michael Keith Hamilton and Sharon Hamilton on the ground that such property had been used to facilitate drug transactions. The government subsequently amended its complaint to include among

the items sought to be forfeited several automobiles and currency belonging to Michael Hamilton.[1] A second forfeiture proceeding was filed by the government against an automobile and currency belonging to John Marvin Lawman that had been seized from the Hamiltons' property, again based on the allegation that the vehicle had been used to facilitate drug transactions and the funds constituted illegal drug proceeds.[2] Michael Hamilton, Sharon Hamilton, and John Lawman (referred to collectively as "the claimants") filed claims to the seized property.

Also in 1993, criminal proceedings were instituted against Michael Hamilton and John Lawman for illegal drug trafficking based, at least in part, on the same evidence that gave rise to the civil forfeiture action. Throughout both the civil and criminal proceedings, the claimants were represented by Charles A. McGee. The initial charges against Hamilton and Lawman were dismissed in September, 1993; they were reindicted, however, in August, 1994. In January, 1994, the civil actions were stayed pending the disposition of the criminal cases.[3] Hamilton and Lawman were convicted in November, 1994, and have remained incarcerated since that date. In January, 1995, one year after the stay of the civil actions was imposed, the district court lifted the stay at the government's request. In February, 1995, the court consolidated the civil actions pertaining to both the Hamiltons and Lawman and set a cut-off date for discovery at April 21, 1995. On March 21, 1995, the government served the claimants' attorney with a request for production of documents and in May, 1995, filed an amended complaint with respect to the case against the Hamiltons' jointly-owned property.

On June 30, 1995, the government moved for sanctions under Rule 37(d) against the claimants for failure to respond to the requested discovery. The government specifically sought that

---

[1]*See* 21 U.S.C. § 881(a)(6).

[2]*See* 21 U.S.C. §§ 881(a)(4) and (6).

[3]The government does not dispute this chronological account in its brief and the record filed in this civil case does not fully apprise the court of the sequence of events that transpired relative to the criminal actions. We therefore assume to be true the claimants' assertion that, at the time the district court stayed the civil action and for seven months thereafter, no criminal indictment was pending against either Hamilton or Lawman.

the district court strike all claims to the properties involved in the forfeiture cases. On July 11, 1997, the government ascertained that the claimants' counsel, McGee, had been suspended from the practice of law in the state of Alabama for forty-five days. It is undisputed that McGee also was suspended from practicing before the United States District Court in Alabama beginning July 6, 1995, and was not reinstated until August 17, 1995.[4]

In a memorandum order dated July 14, 1995, the district court scheduled for August 24, 1995, a hearing on the government's request for sanctions and a bench trial on the forfeiture action. The order expressly acknowledged that McGee had been suspended from the practice of law; in addition, the court advised that if the two incarcerated claimants wished to appear at the scheduled hearing, a motion for a writ of *habeas corpus ad testificandum* would have to be filed.

On August 22 and 23, 1995, McGee sent some responsive information regarding the government's request for document production. On August 24, the district court held a hearing on the government's motion for sanctions followed by a bench trial on the merits of the forfeiture case. Although McGee, who had been reinstated to practice law several days before this date, attended the hearing, none of the claimants were present; significantly, no writ of *habeas corpus ad testificandum* had been requested or issued and, according to the claimants, neither the Hamiltons or Lawman were ever notified that the hearing was to take place.

On October 20, 1995, the district court entered an order granting the government's motion for sanctions and dismissing all claims to the property of Michael and Sharon Hamilton, along with Lawman's claim to the seized currency. The court also entered default judgment against Lawman's vehicle for failure to prosecute the claim and ordered that the defendant properties be forfeited to the government.

The claimants subsequently moved to set aside or vacate the judgments pursuant to Fed.R.Civ.P. 55(c) and 60(b) ("Rule 55(c)" and "Rule 60(b)"). In denying the motion, the court

---

[4]The state and federal suspensions in combination rendered McGee unable to practice law from June 7 through August 17, 1995.

3

noted McGee's "alleged grievous dereliction of duty" and found that (1) the claimants' newly retained counsel had failed to file an appearance in the case, (2) the claimants had failed to explain the delay in complying with the government's request for production, and (3) the claimants had presented "very nebulous claims." R2-84.

On appeal, the claimants submit that the district court abused its discretion in striking the claimants' claims as a discovery sanction under Rule 37(d) because (1) there had been no order of the court compelling discovery, the violation of which could give rise to dismissal of claims or entry of default judgment and (2) the peculiar procedural history of the case, particularly in view of the temporary suspension from the practice of law, did not provide an appropriate factual basis on which to find a willful failure to prosecute. The claimants further argue that the court abused its discretion in denying their motion to vacate or set aside the judgments.

The government responds that, to the extent that the claimants are attempting to appeal directly the order of default judgment and dismissal of claims, the claimants failed to appeal within the applicable sixty-day time period and, as a result, the appeal must be dismissed for lack of appellate jurisdiction. The government also urges that neither Rule 55(c) nor Rule 60(b) should afford the claimants relief from final judgment due to their alleged flagrant disregard for the discovery process and the court.

## II. DISCUSSION

At the outset, we note that the claimants' objections to the underlying sanctions ordered in this case pursuant to Rule 37(d) arise within the context of their request on appeal that we reverse the district court's decision not to vacate or set aside those orders. Although the claims raised here require that we examine the propriety of the original sanctions imposed, we construe the primary issue on appeal to be claimants' challenge to the district court's denial of their motion under Rule 60(b) and 55(c). There is no dispute that this order has been properly appealed. We therefore have jurisdiction to review this case. 28 U.S.C. § 1291.

4

As noted, before deciding whether the district court abused its discretion in denying the claimants' motion to vacate or set aside the pertinent orders issued pursuant to Rule 37(d), we necessarily must evaluate first whether these orders were properly issued at the outset. Rule 37(d) deals with sanctions used when a party fails to cooperate in discovery and "allows the court to strike out pleadings and render default judgment against the disobedient party." *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir.1987). Specifically, the rule provides, in relevant part:

> If a party or an officer, director, or managing agent of a party ... fails (1) to appear before the officer who is to take ... [a] deposition, after being served with proper notice, or (2) to serve answers or objections to interrogatories ..., or (3) to serve a written response to a request for inspection ..., the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Fed.R.Civ.P. 37(d). The referenced subdivision further provides that, where appropriate, a court is authorized to strike pleadings, stay proceedings, dismiss the action or any part thereof, or render a judgment by default against a disobedient party. *See* Fed.R.Civ.P. 37(b)(2)(C).

We previously have stated that, although Rule 37 confers upon district court judges broad discretion to fashion appropriate sanctions for the violation of discovery orders, *see Malautea v. Suzuki Motor Co.,* 987 F.2d 1536, 1542 (11th Cir.1993), this discretion is not unbridled. *Wouters v. Martin County,* 9 F.3d 924, 933 (11th Cir.1993). The decision to dismiss a claim or enter default judgment "ought to be a last resort—ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders." *Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1556 (11th Cir.1986).

It is undisputed that the court imposed sanctions in this instance under Rule 37 notwithstanding the fact that no discovery order compelling the claimants to produce the requested discovery had issued; similarly, the government concedes that it had not filed a motion to compel prior to requesting sanctions. We consistently have found Rule 37 sanctions such as dismissal or entry of default judgment to be appropriate, however, only "where the party's conduct amounts to flagrant disregard and willful disobedience *of discovery orders*." *Buchanan v. Bowman,* 820 F.2d at 361 (emphasis added) (internal quotation marks omitted). *See also Wouters,* 9 F.3d at 933 ("We

5

have consistently held that while district courts have broad powers under the rules to impose sanctions for a party's failure *to abide by court orders,* dismissal is justified only in extreme circumstances and as a last resort.") (emphasis added); *Cox,* 784 F.2d at 1556 ("The decision to dismiss a claim, like the decision to enter default judgment, ought to be a last resort—ordered only if noncompliance with *discovery orders* is due to willful or bad faith disregard for those orders.") (emphasis added); *Adolph Coors Co. v. Movement Against Racism,* 777 F.2d 1538, 1542 (11th Cir.1985) (same); *Malautea,* 987 F.2d at 1542 ("[A] default judgment sanction requires a willful or bad faith failure to obey a *discovery order.* ... Violation of *a discovery order* caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal.") (emphasis added) (citation omitted).

The government correctly notes that Rule 37, on its face, does not require that a court formally issue an order compelling discovery before sanctions are authorized. The district court's discretion to fashion appropriate sanctions under Rule 37, however, is guided by judicial interpretation of the rule. *Malautea,* 987 F.2d at 1542. The government has neither cited nor alleged the existence of decisional law from this circuit upholding Rule 37 sanctions in the absence of a court order compelling discovery. We question whether a finding of willful, bad faith noncompliance with the government's discovery requests finds support in the record in this case; more importantly, though, the absence of either a motion to compel filed by the government or an order of the court compelling discovery, the violation of which might implicate Rule 37, rendered inappropriate the imposition of the types of sanctions levied here.

Having determined that the underlying orders dismissing the claimants' claims and entering default judgment were in error, we now must decide whether the district court erred in failing to set aside or vacate those orders under Rule 55(c) or 60(b). Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding, for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ...; misrepresentation, or other misconduct of an adverse party; (4) the judgment is

6

void; (5) the judgment has been satisfied, released, or discharged, ...; or (6) any other reason justifying relief from the operation of the judgment.[5]

Motions under Rule 60(b) are "directed to the sound discretion of the district court." *Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 (11th Cir.1984). Appellate review therefore is limited to whether the district court abused its discretion in denying the Rule 60(b) motion. *Id.*

The claimants contend that they were entitled to relief from final judgment under Rule 60(b)(6). We have characterized this umbrella provision as a " "grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses.' " *Griffin,* 722 F.2d at 680 (quoting 7 J. Lucas & J. Moore, *Moore's Federal Practice* ¶ 60.27[2] at 375 (2d ed.1982)). "It is well-established ... that relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Id.*

We believe that the claimants have made the necessary showing of exceptional circumstances that requires us to reverse the court's denial of their motion to set aside the orders of dismissal and default judgment. We have determined that our circuit precedent clearly dictates that sanctions as draconian as those imposed in this case for discovery violations under Rule 37 must be preceded by an order of the court compelling discovery, the violation of which might authorize such sanctions. The Rule 37 sanctions imposed in this case, therefore, were plainly contrary to clearly established law and, as a result, the claimants have been deprived of an opportunity to present their respective claims to property that now has been forfeited. We conclude that, in these narrow circumstances, the court abused its discretion in denying the claimants' motion to vacate or set aside the manifestly erroneous judgments entered against them. Accordingly, we REVERSE and REMAND for proceedings consistent with this opinion.

---

[5]Similarly, Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."